IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff/Respondent,<br><br>　　v.<br><br>STEVEN LEE RUDOLPH,<br><br>　　　　Defendant/Petitioner. | Case No. 3:17-cr-160<br><br>**UNITED STATES' RESPONSE TO MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

The United States of America, by Drew H. Wrigley, United States Attorney for the District of North Dakota, and Brett M. Shasky, Assistant United States Attorney, has received and reviewed Rudolph's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 41). As set forth below, the United States opposes the motion in all respects.

## HISTORY OF THE CASE

On September 8, 2017, Rudolph appeared on an Information charging Distribution of a Controlled Substance Resulting in Death, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Rudolph appeared for arraignment and guilty plea on the above date, pursuant to a Plea Agreement. He was advised of the charge, as well as the penalties, to include a minimum mandatory 20 years and maximum of life, should he plead guilty. Plea Tr. at 5. Rudolph was also advised of his right to have the matter presented to a grand jury, which he waived. Id. at 5–7. In addition, he acknowledged his understanding of the minimum mandatory and maximum sentences that applied in the case. Id. at 7–8. The Court, after advising Rudolph of his rights, addressed the Plea Agreement. Id. at 27–

35. Rudolph entered a guilty plea, which the Court determined to be freely and voluntary made. Id. at 37–38. The United States provided a factual basis, which Rudolph agreed was what happened. Id. at 38–39.

Sentencing was scheduled for February 6, 2018. The PSIR was discussed, and no objections were noted. Id. at 4–5. The United States filed a motion to depart from the mandatory minimum based upon factors in the case. Id. at 5. Rudolph was sentenced to 168 months in the custody of the Bureau of Prisons, followed by three years of supervised release. Sent. Tr. at 24. No appeal was taken from the underlying conviction and sentence.

Rudolph has now filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 41). He asserts two grounds for relief due to ineffective assistance of counsel: 1) Failure of counsel to advise him that he could not be convicted of the charge unless use of the drug he provided was the "but for" cause of the death alleged in the Information, which he now asserts was not the result of any drug that passed through his hands; and, 2) Counsel advised him that he could receive a sentence of nine (9) years, which was less than the mandatory minimum, and was not available to him. Both assertions are inconsistent with the record, and the motion should be dismissed without a hearing.

## ANALYSIS

Rudolph's claims of ineffective assistance of counsel are to be analyzed using the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prove ineffective assistance of counsel, a petitioner must demonstrate both that his counsel's performance

2

was so deficient that he was not acting as counsel guaranteed by the Sixth Amendment, and that counsel's deficient performance actually prejudiced the petitioner's defense. Id. at 687; United States v. Lee, 715 F.3d 215, 221 (8th Cir. 2013). Scrutiny of counsel's performance in a habeas corpus proceeding is highly deferential. Hamberg v. United States, 675 F.3d 1170, 1172 (8th Cir. 2012). A court must "avoid the distorting effects of hindsight" by evaluating counsel's decision under the circumstances existing at the time they were made. Rodela-Aguilar v. United States, 596 F.3d 457, 461 (8th Cir. 2010).

The burden of showing ineffective assistance of counsel rests on the defendant. United States v. Vargas, 469 F. Supp. 2d 752, 759 (D.N.D. 2007) (citing United States v. White, 341 F.3d 673, 678 (8th Cir. 2003)). When the defendant asserts that there are multiple deficiencies, each claim is reviewed independently. Middleton v. Roper, 455 F.3d 838, 851 (8th Cir. 2006). There is no "cumulative error" rule applied to assistance of counsel claims. United States v. Robinson, 301 F.3d 923, 925 n.3 (8th Cir. 2002) (noting that the Eighth Circuit has rejected the cumulative error doctrine).

In order to demonstrate deficient performance, the defendant must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 689. There is strong presumption that counsel's conduct falls within the range of professional reasonable assistance. Toledo v. United States, 581 F.3d 678, 680 (8th Cir. 2009). Moreover, it is inappropriate to apply the benefits of hindsight or "second guessing." Johnson v. United States, 278 F.3d 839, 842 (8th Cir. 2002) ("[w]hen determining whether counsel's

representation was deficient, 'a court must avoid second guessing'" (citation omitted)). When considering alleged errors by counsel, the standard is one of objective reasonableness. Padilla v. Kentucky, 559 U.S. 356, 366 (2010). As the Padilla court noted, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Id.

The burden placed on the defendant in establishing ineffective assistance of counsel is a "heavy burden." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000). Even if the defendant is able to establish a deficiency in the representation, he is still required to establish prejudice. Strickland, 466 U.S. at 693. Error, alone, is insufficient to establish prejudice and even an error that had "some conceivable effect on the outcome" will not suffice. Id. Rather, the defendant must show a reasonable probability that the results would have been different. Id. at 694. This standard has been described as a showing that is a "probability sufficient to undermine confidence in the outcome." Jeffries v. United States, 721 F.3d 1008, 1014 (8th Cir. 2013).

Further, the defendant is entitled to an evidentiary hearing on his petition in a § 2255 proceeding unless the motions, files, and records of the case "conclusively show that [the movant] is entitled to no relief." Deltoro-Aguilera v. United States, 625 F.3d 434, 436 (8th Cir. 2010). The request for an evidentiary hearing should be granted unless (1) the allegations, accepted as true, would not entitle the defendant to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or state conclusions rather than facts. Winters v. United States, 716

F.3d 1098, 1103 (8th Cir. 2013). The United States believes the Court can decide the claims made by Rudolph without the need of an evidentiary hearing.

1. **Failure of counsel to advise him that he could not be convicted of the charge unless use of the drug he provided was the "but for" cause of the death alleged in the Information.**

The petition/motion first alleges that the counsel failed to advise Rudolph of the proof required to find him guilty of the charge in the Information. Rudolph asserts that he was unaware of a requirement to show that "but for" using the drugs he provided to the victim, the victim would not have died. Rudolph further asserts that he had nothing to do with the drugs that caused the victim's death, as the drugs did not pass through his hands. This is inconsistent with the record from the change of plea hearing. At the time of the plea hearing, the Court advised Rudolph as to what the United States had to prove beyond a reasonable doubt as follows:

> THE COURT: Now, Mr. Rudolph, in your case what the government would need to prove beyond a reasonable doubt is the following: One, they must prove that you intentionally transferred a mixture and a substance that contained a detectable amount of furanyl fentanyl, a controlled substance; two -- it's a controlled substance analog of a Schedule I controlled substance. And they must prove, second, that you transferred that mixture and substance to one -- an individual whose initials are T.A.B.; three, at the time that you transferred the drug you must have known that it was furanyl fentanyl and, four, the government must prove that T.A.B. would not have died ***but for*** the use of furanyl fentanyl transferred by the defendant.
> 
> . . .

Plea Tr. at 10–11 (emphasis added).

Later, in discussing his options and what was discussed with his attorney, the Court asked, "[d]id she explain what the government would need to prove to obtain a conviction?" Id. at 28–29. The defendant responded "[y]es, in great length." Id. at 29.

5

This at the very least suggests that counsel addressed the "but for" causation requirement with Rudolph.

Finally, during the plea hearing the United States offered the following factual basis for the plea:

> MR. RODENBIKER: Yes, Your Honor. Law enforcement was called to an overdose at Babb's Coffee House in Jamestown on March 31, 2016. The victim was Travis Burgad. The investigation into the overdose was conducted by the Cass County Drug Task Force in Fargo because Burgad had been picked up earlier that morning by his sister in Fargo after finishing a stint at Centre.
>
> The investigation determined that Burgad had been on a pass from Centre the previous evening and met up with a couple of friends. During his time away from Centre, they met up with Steven Rudolph, the defendant, in Fargo, and were to pick up heroin. Rudolph was not able to get heroin but had gotten fentanyl instead from a relative. Burgad and his friends discussed whether or not to take the fentanyl, ultimately deciding yes.
>
> They used some of it that night and the following morning Burgad got a ride to meet his sister for the trip home to Linton. They stopped briefly at the coffee shop in Jamestown. Burgad went to the bathroom while his sister ran an errand and when she returned he was still in the bathroom found unresponsive lying on the floor. Efforts to revive Burgad failed and he was pronounced dead. The autopsy ultimately revealed the cause of death was systemic narcotism due to furanyl fentanyl.
>
> THE COURT: Is that what happened, sir?
>
> DEFENDANT RUDOLPH: Yes, Your Honor.

Id. at 38–39.

Based upon these portions of the plea hearing, Rudolph's allegations that the drugs did not pass through his hands, and were not the "but for" cause of death, cannot be accepted as true because they are contradicted by the record. The Court advised Rudolph of the "but for" requirement. Rudolph admitted that he provided the drugs to the

6

victim and that the cause of death was due to the use of the drugs as set forth in the factual basis. He has failed to meet his burden with regard to this allegation of ineffective assistance.

Further, the petitioner's representations during the change of plea hearing "carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." Nguyen v United States, 114 F.3d 699, 703 (8th Cir. 1997); see also Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990) ("Solemn declarations in open court carry a strong presumption of verity."). Further, "[o]nce a person has entered a guilty plea any subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Tran v. Lockhart, 849 F.2d 1064, 1068 (8th Cir. 1988) (citing Blackledge v. Allison, 431 U.S. 63, 71 (1976).

2. **Counsel advised him that he could receive a sentence of nine years, which was less than the mandatory minimum, and was not available to him.**

Rudolph next asserts that counsel was ineffective for advising him that he "could receive a sentence of nine (9) years" in this case. He seems to assert that counsel was wrong, because the minimum mandatory was 20 years, hence nine years was not an available sentence. Again, this is not consistent with the record. The Court advised Rudolph of the minimum mandatory sentence he faced. Plea Tr. at 5, 7–8, 30. The Court also discussed that paragraph 17 of the Plea Agreement (Doc. 2) stated that the government would recommend a sentence of 180 months, below the mandatory minimum. Id. at 33. Thus, it was clear that the minimum mandatory sentence was not

going to be imposed. The Court also addressed the Plea Agreement Supplement. (Doc. 3). Id. at 35. Rudolph indicated he had gone through this paragraph by paragraph with his counsel and she explained all of it to him. Id. Clearly, it was known to the defendant at the time of the plea hearing that the sentences available were less than the mandatory minimum.

During the sentencing hearing, the United States followed through with its agreement and made a recommendation for 180 months. Sent. Tr. at 10. When the time came for a recommendation from his counsel, a lengthy argument was laid out for the Court, leading to the recommendation of 108 months. Id. at 11–14. In other words, counsel made an appropriate argument for exactly the sentence Rudolph claims she said he "could" receive, nine (9) years. He does not claim that counsel advised he "would" get that sentence, merely that he could get that sentence. The record is clear that once the plea was concluded, the minimum mandatory was no longer a concern. If Rudolph's assertion is true, counsel made an accurate statement. Therefore, if the allegations were accepted as true, Rudolph would not be entitled to any relief.

## **CONCLUSION**

The claims made are both contradicted by the record. Rudolph has failed to meet the threshold level to be entitled to an evidentiary hearing on either of the claims. For the reasons set forth above, Rudolph has failed to meet his burden to establish ineffective assistance of counsel, and his motion under 28 U.S.C. § 2255 should be in all things denied.

Dated:  July 30, 2019

>DREW H. WRIGLEY
>United States Attorney

By: */s/ Brett M. Shasky*_____
BRETT M. SHASKY
Assistant United States Attorney
Quentin N. Burdick United States Courthouse
655 First Avenue North - Suite 250
Fargo, ND  58102-4932
(701) 297-7400
ND Bar Board ID No. 04711
Brett.Shasky@usdoj.gov
Attorney for United States

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff/Respondent,<br><br>v.<br><br>STEVEN LEE RUDOLPH,<br><br>        Defendant/Petitioner. | Case No. 3:17-cr-160/3:19-cv-42<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on July 29, 2019, the following document:

**UNITED STATES' RESPONSE TO MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

was filed electronically with the Clerk of Court through ECF. I further certify that a copy of the foregoing document will be mailed by first class mail, postage paid, to the following non-ECF participant:

Steven Lee Rudolph
Prisoner No. 16745-059
US Penitentiary
Inmate Mail/Parcels
P O Box 1000
Leavenworth, KS  66048

Dated:  July 29, 2019

                                                /s/ Lori E. Daly
                                             LORI E. DALY
                                             Office of the United States Attorney